# Exhibit 1



**ANDREW M. CUOMO**
GOVERNOR

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

| | |
|---|---|
| NEW YORK STATE DIVISION OF HUMAN RIGHTS on the Complaint of<br><br>KENNETH ENG,<br><br>Complainant,<br><br>v.<br><br>B3 LEGAL,<br><br>Respondent. | VERIFIED COMPLAINT<br>Pursuant to Executive Law,<br>Article 15<br><br>Case No.<br>**10164950** |

Federal Charge No. 16GB400152

I, Kenneth Eng, residing at PO Box 527315, Flushing, NY, 11352, charge the above named respondent, whose address is 228 East 45th Street, New York, NY, 10017 with an unlawful discriminatory practice relating to employment in violation of Article 15 of the Executive Law of the State of New York (Human Rights Law) because of race/color.

Date most recent or continuing discrimination took place is 9/13/2013.

The allegations are:

1. I am Asian. Because of this, I have been subject to unlawful discriminatory actions.

2. **_SEE ATTACHED DESCRIPTION OF DISCRIMINATION:_**

Based on the foregoing, I charge respondent with an unlawful discriminatory practice relating to employment because of race/color, in violation of the New York State Human Rights Law (Executive Law, Article 15), Section 296.

I also charge the above-named respondent with violating Title VII of the Civil Rights Act of 1964, as amended (covers race, color, creed, national origin, sex relating to employment). I hereby authorize SDHR to accept this verified complaint on behalf of the U.S. Equal Employment Opportunity Commission (EEOC) subject to the statutory limitations contained in the aforementioned law(s).

*DESCRIPTION OF DISCRIMINATION* - for <u>all complaints</u> *(Public Accommodation, Employment, Education, Housing, and all other regulated areas listed on Page 3)*

*Please tell us more about each act of discrimination that you experienced. Please include dates, names of people involved, and explain why you think it was discriminatory.* **PLEASE TYPE OR PRINT CLEARLY.**

On Friday, September 13, 2013, Craig Brown made the following remark: "The Japanese think they are the kings of Asia." His employees, especially Shawn Treadwell, seemed to delight in this racist remark.

Five minutes later, Mr. Brown asked me into his office and asked me if I knew any Asian languages. He listed Asian languages — Chinese, Japanese, Korean. This leads me to think that he did not know the difference between different Asian ethnicities. Furthermore, I was the only Asian employee at that office.

*If you need more space to write, please continue writing on a separate sheet of paper and attach it to the complaint form. PLEASE DO NOT WRITE ON THE BACK OF THIS FORM.*

*NOTARIZATION OF THE COMPLAINT*

Based on the information contained in this form, I charge the above-named Respondent with an unlawful discriminatory practice, in violation of the New York State Human Rights Law.

By filing this complaint, I understand that I am also filing my employment complaint with the United States Equal Employment Opportunity Commission under the Americans With Disabilities Act (covers disability related to employment), Title VII of the Civil Rights Act of 1964, as amended (covers race, color, religion, national origin, sex relating to employment), and/or the Age Discrimination in Employment Act, as amended (covers ages 40 years of age or older in employment), or filing my housing/credit complaint with HUD under Title VIII of the Federal Fair Housing Act, as amended (covers acts of discrimination in housing),as applicable. This complaint will protect your rights under Federal Law.

I hereby authorize the New York State Division of Human Rights to accept this complaint on behalf of the U.S. Equal Employment Opportunity Commission, subject to the statutory limitations contained in the aforementioned law and/or to accept this complaint on behalf of the U.S. Department of Housing and Urban Development for review and additional filing by them, subject to the statutory limitations contained the in aforementioned law.

I have not filed any other civil action, nor do I have an action pending before any administrative agency, under any state or local law, based upon this same unlawful discriminatory practice.

I swear under penalty of perjury that I am the complainant herein; that I have read (or have had read to me) the foregoing complaint and know the contents of this complaint; and that the foregoing is true and correct, based on my current knowledge, information, and belief.

_____
Sign your full legal name

Subscribed and sworn before me
This 7th day of Oct , 20 13

_____
Signature of Notary Public

County:
of
Queens

PERSAUD KHEELAWATTEE
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01PE6258846
Qualified in Queens County
Commission Expires April 02, 2016

*Please note: Once this form is notarized and returned to the Division, it becomes a legal document and an official complaint with the Division of Human rights. After the Division accepts your complaint, this form will be sent to the company or person(s) whom you are accusing of discrimination.*

# Exhibit 2

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>New York District Office<br>33 Whitehall Street, 5th Floor<br>New York, New York 10004-2112 | PERSON FILING CHARGE:<br>    Kenneth Eng<br>THIS PERSON (Check one):<br>    Claims to be aggrieved [x]<br>    Files on behalf of other(s) [ ] |
| TO:<br>B3 Legal<br>228 East 45th Street<br>New York, NY 10017 | DATE OF ALLEGED VIOLATION:<br>    9/13/2013<br>PLACE OF ALLEGED VIOLATION:<br>    New York County<br>EEOC CHARGE NUMBER:<br>    16GB400152<br>FEPA CHARGE NUMBER:<br>    10164950 |

NOTICE OF CHARGE OF DISCRIMINATION WHERE AN FEP AGENCY WILL INITIALLY PROCESS

YOU ARE HEREBY NOTIFIED THAT A CHARGE OF EMPLOYMENT DISCRIMINATION UNDER

       [X]  Title VII of the Civil Rights Act of 1964
       [ ]  The Age Discrimination in Employment Act of 1967 (ADEA)
       [ ]  The Americans with Disabilities Act (ADA)

HAS BEEN RECEIVED BY: The New York State Division of Human Rights (FEP Agency) and sent to the EEOC for dual filing purposes.

While the EEOC has jurisdiction (upon expiration of any deferral requirements if this I a Title VII or ADA charge) to investigate this charge, EEOC may refrain from beginning an investigation and await the issuance of the FEP Agency's final findings and orders.  These final findings and orders will be given weight by EEOC in making its own determination as to whether or not reasonable cause exists to believe that the allegations made in the charge are true.

You are therefore encouraged to cooperate fully with the FEP Agency.  All facts and evidence provided by you to the Agency in the course of its proceedings will be considered by the Commission when it reviews the Agency's final findings and orders.  In many instances the Commission will take no further action, thereby avoiding the necessity of an investigation by both the FEP Agency and the Commission.  This likelihood is increased by your active cooperation with the Agency.

As a party to the charge, you may request that EEOC review the final decision and order of the above named FEP Agency.  For such a request to be honored, you must notify the Commission in writing within 15 days of your receipt of the Agency's issuing a final finding and order.  If the Agency terminates its proceedings without issuing a final finding and order, you will be contacted further by the Commission.

For further correspondence on this matter, please use the charge number(s) shown.

[ ]  An Equal Pay Act investigation (29 U.S.C. §206(d)) will be conducted by the Commission concurrently with the FEP Agency's investigation of the charge.

[X]  Enclosure: Copy of the Charge

BASIS FOR DISCRIMINATION:  Race/Color

CIRCUMSTANCES OF ALLEGED VIOLATION:
      SEE ATTACHED N.Y.S. DIVISION OF HUMAN RIGHTS COMPLAINT

DATE: October 10, 2013

                          TYPED NAME OF AUTHORIZED EEOC OFFICIAL:
                          Kevin J. Berry

# Exhibit 3

**Respondent Contact Information**

Return to:
**NYS Division of Human Rights**
**Upper Manhattan Regional Office**
**163 West 125th Street, Room 401**
**New York, New York 10027**

Re:    Kenneth Eng v. B3 Legal
       SDHR NO: 10164950

Correct legal name of Respondent: BALINT   BROWN   + BASRI   LLC

Federal Employer Identification Number (FEIN): 27 - 2607959

Contact person for this complaint:

Name: CRAIG   BROWN                                    Title:

Street Address: 228   EAST   45th   STREET   , 9th   FLOOR

City/State/Zip: NEW YORK,   NEW YORK   1007 Telephone No: (212 ) 880 - 3725

E-mail address: CBROWN@B3LEGAL.COM

Do you have an attorney for this matter: Yes ✓ No____ If yes:
                    DMORETTI@LCBF.COM            JGREENBLATT@LCBF.COM
Attorney Name: DANIEL S. MORETTI, ESQ. , JAIME L. GREENBLATT, ESQ

Firm: LANDMAN   CORSI   BALLAINE   + FORD   P.C.

Street Address: 120   BROADWAY , 27th   FLOOR

City/State/Zip: NEW   YORK , NEW YORK   10271 Telephone No: (212 ) 238 - 4800

Will you participate in settlement/conciliation? Yes ✓ No____
If yes, for this purpose please contact:

Name: JAIME   L. GREENBLATT, ESQ             Telephone No: ( 212 ) 238 - 4800
(Settlement discussions will not delay the investigation and participation in settlement does not
provide good cause for an extension of time to respond to the complaint.)

_____          _____
Signature                                        11/25/2013
                                                 Date

# LANDMAN CORSI BALLAINE & FORD P.C.

### A NEW YORK PROFESSIONAL CORPORATION

### ATTORNEYS AT LAW

**JAIME L. GREENBLATT**
ASSOCIATE
TEL: (212) 238-4800
EMAIL: jgreenblatt@lcbf.com

120 BROADWAY
27TH FLOOR
NEW YORK, NY 10271-0079
TELEPHONE (212) 238-4800
FACSIMILE (212) 238-4848
www.lcbf.com

One Gateway Center
Newark, NJ 07102
Tel: (973) 623-2700

1617 JFK Boulevard
Philadelphia, PA 19103
Tel: (215) 561-8540

November 25, 2013

*Via Overnight Mail and Facsimile*
*(212) 961-4425*

David E. Powell
Regional Director
New York State Division of Human Rights
Adam Clayton Powell State Office Building
163 West 125th Street, Room 401
New York, New York 10027

> **Re:** **Kenneth Eng v. Balint Brown & Basri LLC**
> **Case No. 10164950**
> **Our File No. 363-12**

Dear Mr. Powell:

We represent respondent Balint Brown & Basri LLC ("B3 Legal" or "Respondent"), against whom Kenneth Eng ("Mr. Eng" or "Complainant") has filed a verified complaint dated October 7, 2013 (the "Complaint") with the New York State Division of Human Rights (the "Division") which alleges discrimination in employment based on race. The Complaint alleges violations of Title VII of the Civil Rights Act (42 U.S.C. §§ 2000, *et seq*) and the New York Human Rights Law (N.Y. Exec. Law § 296(1)).

Please allow this letter and the attached exhibit to serve as Respondent's position statement ("Statement of Position") seeking dismissal of the Complaint. Respondent reserves its right to supplement its Statement of Position should it become aware of any new information it deems relevant to the Complaint.

## I. PRELIMINARY STATEMENT

Despite the fact that at all relevant times, Complainant was neither employed by, nor sought employment with, B3 Legal, Complainant has filed a Complaint alleging that B3 Legal unlawfully discriminated against him in employment. A copy of the Complaint is attached

1

hereto as **Exhibit 1**.  In sum and substance, the three paragraphs of the Complaint allege only that an employee made an innocuous comment about "Japanese people"—which was really no more than a comment that Japanese-proficient document review attorneys earn the highest hourly rates—and that Respondent asked Complainant a question about several Asian languages. Complainant—a temporary administrative assistant employed by a staffing agency to complete data entry for two to three days at Respondent's offices—offers no proof that he was employed by Respondent.  Complainant does not allege a pattern of severe and pervasive conduct sufficient to create a workplace that was both objectively and subjectively hostile.  Complainant alleges no adverse employment action taken against him.  Rather, on the basis of two isolated comments alone, Complainant erroneously—and somewhat inexplicably—claims that Respondent unlawfully discriminated against him based on his race.

Though Respondent maintains that the allegations in the Complaint are false, even accepting these allegations as true, the Complaint nevertheless fails because: (1) Complainant was at all times employed by the staffing agency who placed Complainant at B3 Legal's offices to complete a short-term data entry project; and (2) Complainant has not alleged even a scintilla of evidence that Respondent's conduct caused his workplace to be permeated with the kind of severe and pervasive discriminatory intimidation contemplated by the applicable statutes.

## II.    FACTS

B3 Legal is a legal staffing and consulting company that offers a wide array of services, including providing teams of document review attorneys, contract attorneys, paralegals, and compliance professionals, electronic discovery consulting, and compliance consulting.  In September of 2013, B3 Legal contacted C2 Staffing to obtain a temporary worker who could perform two to three days of data entry for a short term administrative project.  Pursuant to the agreement between B3 Legal and C2 Staffing, once the administrative project was completed, the temporary worker's services would no longer be required by B3 Legal.

Pursuant to their agreement, C2 Staffing sent Complainant to B3 Legal's offices to complete the short-term administrative project.  During the short course of Mr. Eng's time at B3 Legal's facilities, B3 Legal was engaged in staffing a document review project with attorneys who were proficient in at least two of the following four languages: Japanese, Chinese, Thai, and Korean.  B3 Legal's client for this project had specifically solicited information from B3 Legal regarding the availability of attorneys who spoke two of these four languages, and regarding the market rates for attorneys who were proficient in some or all of these languages.  This document review project was completely unrelated to Mr. Eng's project and duties.

At one point, Craig Brown, a principal of B3 Legal, remarked to Shawn Treadwell, a B3 Legal employee, that Japanese-proficient attorneys often receive the highest hourly rates of attorneys on any document review projects, which makes them the "kings" of the document review market.[1]  Shortly thereafter, in connection with the staffing of the same document review project, Mr. Brown asked Complainant, along with other individuals, whether people who spoke any the above four languages were likely to be proficient in a second Asian language as well.

---

[1] Respondent's employees have absolutely no recollection of Mr. Eng being a part of, or even present during, this conversation.  Nonetheless, it is possible that Mr. Eng overheard the conversation.

After two or three days, Mr. Eng completed the data entry project and, pursuant to the agreement between the parties, B3 Legal informed C2 Staffing that Mr. Eng had completed his responsibilities and that his services were no longer required.  At the conclusion of the project, Mr. Eng told Mr. Brown that he would like to be invited back to B3 Legal to work on future projects.  At no time did B3 Legal ever represent to C2 Staffing, Mr. Eng, or any other party that Mr. Eng's services would be necessary following completion of the administrative project.

Moreover, pursuant to the parties' agreement, course of conduct, and generally-accepted standards in the temporary staffing industry, C2 Staffing—rather than B3 Legal—was required to pay Complainant's wages.  As such, at no time did B3 Legal ever remit wages, or provide a W2 or any other tax document, to Mr. Eng.

Notwithstanding the above sequence of events, Mr. Eng's Complaint erroneously alleges that Mr. Brown stated that "Japanese people think they are the kings of Asia."  This allegation, though an utter fabrication, appears to be the mistaken result of Mr. Eng overhearing Mr. Brown's harmless comment that Japanese-speaking attorneys often get paid the highest hourly rates on document review projects.  The Complaint also contains a vague allegation that Mr. Brown asked Mr. Eng questions about various Asian languages.  As more fully discussed below, because the Complaint fails to allege the kind of severe and pervasive conduct necessary to state a hostile workplace claim, the Division should dismiss the Complaint in its entirety.

## III.   ANSWERS TO THE COMPLAINT OF DISCRIMINATION ("Answer")

The following numbered paragraphs constitute the factual allegations contained in the Complaint.  Respondent's answer to each numbered paragraph immediately follows the factual allegations contained therein.

1.   I am Asian.  Because of this, I have been subject to unlawful discriminatory actions. Exhibit 1 at ¶ 1.

Respondent denies the truth of the allegations contained in paragraph 1, and makes the following affirmative statement: B3 Legal took no discriminatory employment actions against Complainant at any time.  First, B3 Legal was at no time Complainant's employer, nor did it pay Complainant's salary or furnish Complainant with a W2 form.  Rather, at all relevant times, Complainant was employed by C2 Staffing.  Additionally, and regardless of Complainant's employment status, Complainant alleges no adverse employment action taken against him, nor does he allege severe and pervasive conduct sufficient to create a hostile workplace.

2.   On Friday, September 13, 2013, Craig Brown made the following remark: "The Japanese think they are the kings of Asia."  His employees, especially Shawn Treadwell, seemed to delight in this racist remark. Exhibit 1 at ¶ 2.

Respondent denies the truth of the allegations contained in paragraph 2, and makes the following affirmative statement: Mr. Brown remarked only that Japanese-proficient attorneys receive the highest hourly pay, as their skills are generally the most highly demanded, in the

document review market.   Neither Mr. Treadwell or any other employee had a "delighted" reaction to this factual and innocuous remark.

> 3.      Five minutes later, Mr. Brown asked me into his office and asked me if I knew any Asian languages.  He listed Asian languages—Chinese, Japanese, Korean. This leads me to think that he did not know the difference between Asian ethnicities.  Furthermore, I was the only Asian employee at that office.  Exhibit 1 at ¶ 3.

Respondent avers that no response is necessary to the allegations contained in paragraph three.  To the extent that Respondent is required to respond, Respondent denies the truth of the allegations contained in paragraph 3, refers the administrative body to the affirmative statements made in the Answer at paragraphs 1 and 2, and makes the following additional affirmative statement:  In connection with staffing a document review project with attorneys who spoke at least two out of four Asian languages (Japanese, Chinese, Korean, and Thai), Mr. Brown asked Complainant if Complainant knew whether attorneys who were proficient in one of these languages was also likely to be proficient in another.

## IV.   ARGUMENT

The Complaint contains only sparse allegations regarding an incorrectly overheard comment and an incident in which Mr. Brown asked Complainant for information concerning proficiency in Asian languages.  *See generally* Exhibit 1.  Allegations regarding the former are factually inaccurate; allegations concerning the latter seem to imply, at worst, that Complainant was offended by Mr. Brown's purported lack of knowledge of the differences between various Asian cultures.[2]   For the reasons discussed below, the Complaint fails to state a cause of action for employment discrimination on the basis of race.

### A. The Complaint Fails To Allege A Cause of Action for Employment Discrimination Against B3 Legal Because, At All Relevant Times, Complainant Was Employed Solely By C2 Staffing And Was Never Employed By B3 Legal

It is axiomatic that a claim of discrimination does not lie against an entity who was not a complainant's employer (or potential employer, in the context of a failure to hire claim), and that temporary workers are often no more than independent contractors and are thus not entitled to invoke the remedies the applicable employment discrimination statutes.  *See, e.g., O'Neill v. Atl. Sec. Guards, Inc.,* 250 A.D.2d 493 (1st Dep't 1998) (dismissing claims of employment discrimination where "dispositive documentary evidence showed [plaintiff] to have been an independent contractor"); *Walker v. Alternatives to Incarceration of Montgomery County, Inc. (ATI),* 1996 WL 465310 (N.D.N.Y. Aug. 13, 1996) (dismissing claims of employment

---

[2] As Complainant does not allege that Respondent took any adverse employment against him, and alleges only that Respondent made two isolated comments, we treat Complainant's claim as a hostile workplace claim.

discrimination against entity that paid worker's wages in part because defendant did not have power to hire worker).[3]

In the instant case, Complainant was not B3 Legal's employee at any time. B3 Legal did not hire Mr. Eng; while B3 Legal requested a temporary worker from C2 Staffing, B3 Legal had no control in the selection process of that temporary worker. *See id.* B3 Legal had no employment agreement—written or oral—with Mr. Eng. B3 Legal did not pay Complainant's wages and did not remit a W2 to Mr. Eng. As such, because C2 Staffing was at all times Mr. Eng's employer, the Division should dismiss the Complaint.

**B. Regardless Of Complainant's Employment Status, The Complaint Lacks Evidence Of Severe And Pervasive Conduct Sufficient To Create A Hostile Workplace And Thus Utterly Fails To Allege A Cause Of Action For Employment Discrimination Under Either Title VII Of The Civil Rights Act Or The New York Human Rights Law**

"Title VII [] does not set forth 'a general civility code for the American workplace.'" *Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (quoting *Oncale v. Sundowner Offshore Svcs., Inc.*, 523 U.S. 75, 80 (1998)). Accordingly, to state a hostile workplace claim on the basis of purported racial discrimination under Title VII, "a plaintiff must demonstrate: (1) that [his] workplace was permeated with discriminatory intimidation that was sufficiently severe or pervasive to alter the conditions of [his] work environment, and (2) that a specific basis exists for imputing the conduct that created the hostile environment to the employer." *Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir. 1997); *see also Vance v. Ball State Univ.*, 133 S. Ct. 2434, 2441(2013); *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21-22 (1993). The complained-of conduct must both create an environment that "a reasonable person would find hostile or abusive" and that "the plaintiff subjectively perceives as hostile or abusive." *La Grande v. DeCrescente Distributing Co.*, 370 Fed.Appx. 206, 209 (2d Cir. 2010); *Harris*, 510 U.S. at 21-22. "Whether an environment is hostile or abusive can be determined only by looking at all the circumstances, including 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Forrest v. Jewish Guild for the Blind*, 3 N.Y.3d 295, 310-11 (2004) (quoting *Harris*, 510 U.S. at 23).

Accordingly, "[m]ere utterance of an epithet which engenders offensive feelings in an employee[] does not sufficiently affect the conditions of employment to implicate Title VII." *Harris*, 510 U.S. at 21 (internal quotation marks omitted) (citing *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57 (1986)); *Snell v. Suffolk County*, 782 F.2d 1094, 1103 (2d Cir. 1986) ("To establish a hostile atmosphere, however, plaintiffs must prove more than a few isolated incidents of racial enmity"); *Forrest*, 3 N.Y.3d at 310 (affirming dismissal of hostile workplace claim premised on employer's alleged use of racial epithets on a mere three occasions). As such, "[a]s

---

[3] Because Title VII is only applicable to a company with fewer than "fifteen . . . employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year," (42 U.S.C. § 2000e(b)), and because B3 Legal employs fewer than fifteen permanent employees (excluding contract attorneys), B3 Legal does not meet Title VII's definition of an employer for these reasons as well.

a general rule, incidents must be more than episodic, they must be sufficiently continuous and concerted in order to be deemed pervasive." *Alfano v. Costello*, 294 F.3d 365, 374 (2d Cir. 2002).

Additionally, it is well-settled that claims of employment discrimination on the basis of race under the Human Rights Law are to be evaluated in accordance with the applicable standards of Title VII. *Sanchez-Vazquez v. Rochester City School Dist.*, 519 Fed. Appx 63, 64 (2d Cir. 2013); *Dais v. Lane Bryant, Inc.*, 168 F Supp 2d 62, 75 (S.D.N.Y. 2001 ("When determining whether a hostile work environment exists, the standards under Title VII and the NYHRL are identical."); *Allen v. Advanced Digital Info. Corp.*, 500 F. Supp 2d 93, 104 (N.D.N.Y. 2007) (same). Thus, where a claim fails under Title VII, it generally also fails under the Human Rights Law. *See, e.g., Dais*, 168 F. Supp. 2d at 75 (dismissing plaintiff's Title VII and Human Rights law hostile workplace claims pursuant to identical standards where plaintiff had alleged only one racially-charged comment).

In the instant matter, Complainant has utterly failed to allege conduct that was "sufficiently severe or pervasive to alter the conditions of [his] work environment." *Schwapp*, 118 F.3d at 110. First, Complainant only worked at B3 Legal's facilities for two or three days. Second, Mr. Brown made *neither* of the purported comments that Complainant alleges. Mr. Brown simply made a factual statement about the nature of the legal staffing market which indicated that Japanese-proficient attorneys often receive the highest hourly rates during document review projects. Likewise, Mr. Brown innocuously asked Complainant, along with some other individuals, if they knew whether people who were proficient in one Asian language were also likely to be proficient in others, as Respondent was engaged in staffing a document review project with attorneys who were proficient in at least two Asian languages. Taken in context, neither of these comments was sufficient to create an environment that "a reasonable person would find hostile or abusive." *La Grande*, 370 Fed.Appx. at 209; *see Harris*, 510 U.S. at 21-22.

Furthermore, assuming *arguendo* for purposes of this Position Statement only that the allegations in the Complaint are true, and that Complainant was subjectively offended, neither of the alleged remarks was objectively offensive. *See Harris*, 510 U.S. at 23, *Forrest*, 3 N.Y.3d at 310-11. The purported comments were not only infrequent as they only occurred on a mere two occasions, but they were also not "sever[e]" or "physically threatening or humiliating." *Forrest*, 3 N.Y.3d at 310-11 (three offensive utterances did not rise to level of severe and pervasive conduct). Moreover, the comments in no way "interfere[d] with" Mr. Eng's "work performance," as is evidenced by the fact that he completed a simple two to three day task in the amount of time allotted. *Id.* Thus, even according Complainant's allegations the benefit of all possible favorable inferences, the Complaint fails to state a hostile workplace claim, as no reasonable person would have perceived Complainant's workplace as "permeated with discriminatory intimidation that was sufficiently severe or pervasive to alter the conditions of [his] work environment." *Schwapp*, 118 F.3d at 110.

In fact, even if there was *any* animus underlying the two remarks—which Respondent expressly denies—the Complaint still alleges nothing more than "a few isolated incidents of racial enmity" at best. *Snell v. Suffolk County*, 782 F.2d 1094, 1103 (2d Cir. 1986). Standing alone, such allegations do not "sufficiently affect the conditions of employment to implicate Title

VII" or the Human Rights Law. *Harris*, 510 U.S. at 21.  Accordingly, because the comments were, at best, "episodic," the Complaint should be dismissed for failure to allege the kind of severe and pervasive conduct contemplated by the applicable statutes. *Alfano*, 294 F.3d at 374.

**V.     CONCLUSION**

Based on the foregoing, Respondent respectfully requests that the Division dismiss the Complaint in its entirety.

We will be happy to provide you with any additional information you need and we appreciate the opportunity to further set forth our position in this matter.

Sincerely,

Jaime L. Greenblatt

Enclosure

7

Exhibit 1

No. 5105
MBERG, INC.
00013
P.C.W.



**ANDREW M. CUOMO**
GOVERNOR

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

| | |
|---|---|
| NEW YORK STATE DIVISION OF HUMAN RIGHTS on the Complaint of<br><br>KENNETH ENG,<br><br>Complainant,<br><br>v.<br><br>B3 LEGAL,<br><br>Respondent. | VERIFIED COMPLAINT<br>Pursuant to Executive Law,<br>Article 15<br><br>Case No.<br>**10164950** |

Federal Charge No. 16GB400152

      I, Kenneth Eng, residing at PO Box 527315, Flushing, NY, 11352, charge the above named respondent, whose address is 228 East 45th Street, New York, NY, 10017 with an unlawful discriminatory practice relating to employment in violation of Article 15 of the Executive Law of the State of New York (Human Rights Law) because of race/color.

      Date most recent or continuing discrimination took place is 9/13/2013.

      The allegations are:

1.     I am Asian.  Because of this, I have been subject to unlawful discriminatory actions.

2.     ***SEE ATTACHED DESCRIPTION OF DISCRIMINATION:***

Based on the foregoing, I charge respondent with an unlawful discriminatory practice relating to employment because of race/color, in violation of the New York State Human Rights Law (Executive Law, Article 15), Section 296.

I also charge the above-named respondent with violating Title VII of the Civil Rights Act of 1964, as amended (covers race, color, creed, national origin, sex relating to employment).  I hereby authorize SDHR to accept this verified complaint on behalf of the U.S. Equal Employment Opportunity Commission (EEOC) subject to the statutory limitations contained in the aforementioned law(s).

*DESCRIPTION OF DISCRIMINATION* - for <u>all complaints</u> *(Public Accommodation, Employment, Education, Housing, and all other regulated areas listed on Page 3)*

*Please tell us more about each act of discrimination that you experienced. Please include dates, names of people involved, and explain why you think it was discriminatory.* **PLEASE TYPE OR PRINT CLEARLY.**

On Friday, September 13 2013, Craig Brown made the following remark: "The Japanese think they are the kings of Asia." His employees, especially Shawn Treadwell, seemed to delight in this racist remark.

Five minutes later, Mr. Brown asked me into his office and asked me if I knew any Asian languages. He listed Asian languages — Chinese, Japanese, Korean. This leads me to think that he did not know the difference between different Asian ethnicities. Furthermore, I was the only Asian employee at that office.

*If you need more space to write, please continue writing on a separate sheet of paper and attach it to the complaint form.* **PLEASE DO NOT WRITE ON THE BACK OF THIS FORM.**

## *NOTARIZATION OF THE COMPLAINT*

Based on the information contained in this form, I charge the above-named Respondent with an unlawful discriminatory practice, in violation of the New York State Human Rights Law.

By filing this complaint, I understand that I am also filing my employment complaint with the United States Equal Employment Opportunity Commission under the Americans With Disabilities Act (covers disability related to employment), Title VII of the Civil Rights Act of 1964, as amended (covers race, color, religion, national origin, sex relating to employment), and/or the Age Discrimination in Employment Act, as amended (covers ages 40 years of age or older in employment), or filing my housing/credit complaint with HUD under Title VIII of the Federal Fair Housing Act, as amended (covers acts of discrimination in housing),as applicable. This complaint will protect your rights under Federal Law.

I hereby authorize the New York State Division of Human Rights to accept this complaint on behalf of the U.S. Equal Employment Opportunity Commission, subject to the statutory limitations contained in the aforementioned law and/or to accept this complaint on behalf of the U.S. Department of Housing and Urban Development for review and additional filing by them, subject to the statutory limitations contained the in aforementioned law.

I have not filed any other civil action, nor do I have an action pending before any administrative agency, under any state or local law, based upon this same unlawful discriminatory practice.

I swear under penalty of perjury that I am the complainant herein; that I have read (or have had read to me) the foregoing complaint and know the contents of this complaint; and that the foregoing is true and correct, based on my current knowledge, information, and belief.


_____
Sign your full legal name

Subscribed and sworn before me
This 7th day of Oct , 20 13

_____
Signature of Notary Public

PERSAUD KHEELAWATTEE
NOTARY PUBLIC-STATE OF NEW YORK
Registration No. 01PE6258846
Qualified in Queens County
Commission Expires April 02, 20 16

County:
of
Queens

*Please note: Once this form is notarized and returned to the Division, it becomes a legal document and an official complaint with the Division of Human rights. After the Division accepts your complaint, this form will be sent to the company or person(s) whom you are accusing of discrimination.*

# Exhibit 4



ANDREW M. CUOMO
GOVERNOR

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

| | |
|---|---|
| NEW YORK STATE DIVISION OF<br>HUMAN RIGHTS on the Complaint of<br><br>KENNETH ENG,<br><br>Complainant,<br><br>v.<br><br>B3 LEGAL,<br><br>Respondent. | DETERMINATION AND<br>ORDER AFTER<br>INVESTIGATION<br><br>Case No.<br>10164950 |

Federal Charge No. 16GB400152

On 10/10/2013, Kenneth Eng filed a verified complaint with the New York State Division of Human Rights ("Division") charging the above-named respondent with an unlawful discriminatory practice relating to employment because of race/color in violation of N.Y. Exec. Law, art. 15 (Human Rights Law).

After investigation, and following opportunity for review of related information and evidence by the named parties, the Division has determined that there is NO PROBABLE CAUSE to believe that the respondent has engaged in or is engaging in the unlawful discriminatory practice complained of. This determination is based on the following:

Complainant, who is Asian, alleged that on September 13, 2013, Craig Brown remarked, "The Japanese think they are the kings of Asia." Complainant stated that five minutes later, Mr. Brown called him into his office, and asked him if he knew any Asian languages. Additionally, Complainant stated that he was the only Asian person employed with the Respondent.

Respondent denied that Complainant was an employee of Respondent, stating that Complainant was a temporary administrative assistant employed by a staffing agency to complete data entry for two to three days at Respondent's offices. Pursuant to the agreement between Respondent and C2 Staffing, once the administrative project was completed, the temporary worker's services would no longer be required by Respondent.

Respondent stated that at one point, Craig Brown, a principal of Respondent, remarked to Shawn Treadwell, a Respondent employee, that Japanese-proficient attorneys often receive the highest hourly rates of attorneys on any document review projects, which makes them the

"kings" of the document review market. Respondent asserts that shortly thereafter, in connection with the staffing of the same document review project, Mr. Brown asked Complainant, along with other individuals, whether people who spoke any the above four languages were likely to be proficient in a second Asian language as well.

In his rebuttal, Complainant reiterated his allegations and stated that Respondent's attorney's allegations "are utter fabrications." Complainant stated that he knows what he heard because he wrote the statements down immediately. Complainant further stated that if Mr. Brown had been referring to Japanese-speaking attorneys, he would have said, "Japanese-speaking attorneys." He merely referred to the subjects as "Japanese," indicating that he was referring to their ethnicity; not their foreign language abilities. Furthermore, Complainant stated that he does not believe that Mr. Brown asked other employees if they were proficient in any Asian languages. Complainant believes that he was singled out, and that he was asked because he is Asian.

The investigation revealed that even if all of Complainant's allegations were true, he did not suffer any adverse employment action, nor was he subjected to behavior that was severe and/or pervasive enough to rise to the level of a hostile work environment. Furthermore, the Complainant's mere belief and conclusory allegations that he was discriminated against because of his race is insufficient to establish a nexus to the Respondent's actions.

The investigation did not reveal sufficient evidence to establish an inference of discrimination based on race/color.

The complaint is therefore ordered dismissed and the file is closed.

PLEASE TAKE NOTICE that any party to this proceeding may appeal this Determination to the New York State Supreme Court in the County wherein the alleged unlawful discriminatory practice took place by filing directly with such court a Notice of Petition and Petition within sixty (60) days after service of this Determination. A copy of this Notice and Petition must also be served on all parties including General Counsel, State Division of Human Rights, One Fordham Plaza, 4th Floor, Bronx, New York 10458. DO NOT FILE THE ORIGINAL NOTICE AND PETITION WITH THE STATE DIVISION OF HUMAN RIGHTS.

Your charge was also filed under Title VII of the Civil Rights Act of 1964. Enforcement of the aforementioned law(s) is the responsibility of the U.S. Equal Employment Opportunity Commission (EEOC). You have the right to request a review by EEOC of this action. To secure review, you must request it in writing, within 15 days of your receipt of this letter, by writing to EEOC, New York District Office, 33 Whitehall Street, 5th Floor, New York, New York 10004-2112. Otherwise, EEOC will generally adopt our action in your case.

Dated:     MAR 2 5 2014
       New York, New York

                    STATE DIVISION OF HUMAN RIGHTS

          By:    *David E. Powell*
                 David E. Powell
                 Regional Director

# Exhibit 5

O 440 (Rev. 02/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

Kenneth Eng
*Plaintiff*

Civil Action No.: **14-CV-2442**
**JUDGE OETKEN (JPO)**

v

B3Legal; Craig Brown; Shawn Treadwell;.
*Defendant*

## SUMMONS IN A CIVIL ACTION

To:   *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or *(3)* you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff(s) attorney, whose name and address are:

*PRO SE* **KENNETH ENG**
**4266 SAULL STREET**
**NEW YORK, NY 11355**

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J KRAJICK
*CLERK OF COURT*

Date:   May 20TH , 2014

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ __0.00__

I declare under penalty of perjury that this information is true.

Date: _____         _____
                                                            *Server's signature*

                                                    _____
                                                            *Printed name and title*

                                                    _____
                                                            *Server's address*

Additional information regarding attempted service, etc:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
Kenneth Eng,                                    :
                                                :
                    Plaintiff/Petitioner(s),    :          ORDER GRANTING IFP APPLICATION
                                                :
          -against-                             :            14    Civ. 2442     (UA   )
                                                :          _____
                                                :
B3 Legal, et al.,                               :
                                                :
                    Defendant/Respondent(s).    :
-------------------------------------------------------X

LORETTA A. PRESKA, Chief United States District Judge:

      Leave to proceed in this Court without prepayment of fees is authorized.  28 U.S.C.

§ 1915.

      SO ORDERED:


_____
LORETTA A. PRESKA
Chief United States District Judge


Dated: May 7, 2014
      New York, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Kenneth Eng
_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

B3 Legal
_____
Craig Brown
_____
Shawn Treadwell
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The names
listed in the above caption must be identical to those contained in
Part I. Addresses should not be included here.)*

# 14CV2442

## COMPLAINT

Jury Trial:  ☐ Yes   ☒ No
(check one)

APR - 7 2014

I.     **Parties in this complaint:**

A.     List your name, address and telephone number.  If you are presently in custody, include your
       identification number and the name and address of your current place of confinement.  Do the same
       for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff     Name     Kenneth Eng
              Street Address     4266 Saull Street
              County, City     NY
              State & Zip Code     NY 11355
              Telephone Number

B.     List all defendants.  You should state the full name of the defendant, even if that defendant is a
       government agency, an organization, a corporation, or an individual.  Include the address where
       each defendant may be served.  Make sure that the defendant(s) listed below are identical to those
       contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant No. 1     Name     Craig Brown
                    Street Address     228 East 45th Street

*Rev. 05/2010*

County, City NY

State & Zip Code NY 10017

Telephone Number

Defendant No. 2     Name  Shawn Treadwell

Street Address  Same as above

County, City

State & Zip Code

Telephone Number

Defendant No. 3     Name  B3 Legal

Street Address  Same as above

County, City

State & Zip Code

Telephone Number

Defendant No. 4     Name

Street Address

County, City

State & Zip Code

Telephone Number

**II.     Basis for Jurisdiction:**

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.     What is the basis for federal court jurisdiction?  *(check all that apply)*

☒ Federal Questions                    ☐ Diversity of Citizenship

B.     If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____
42 U.S. Code § 2000e-2

C.     If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____

Defendant(s) state(s) of citizenship _____

**III.     Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events.

*Rev. 05/2010*

You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.   Where did the events giving rise to your claim(s) occur? _____
B3 Legal offices

B.   What date and approximate time did the events giving rise to your claim(s) occur? _____
September 13, 2013, morning

C.   Facts: On Friday, September 13, 2013, Craig Brown made the following remark: "The Japanese think

| What happened to you? |

they are the kings of Asia". His employees, especially Shawn Treadwell, seemed to delight in this racist remark. Five minutes later, Mr. Brown asked me into his office and asked me if I knew any Asian languages. He listed Asian languages – Chinese, Japanese, Korean. This leads me to think that he did not know the difference betwee different Asian ethnicities. Furthermore, I was the only Asian employee at that office.

| Who did what? |

In addition, C2 Staffing was about to put me on their payroll, but sent me a check instead after I complained. This qualifies as retaliation. Please see attached documents

| Was anyone else involved? |

| Who else saw what happened? |

IV.   **Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

Psychological.

Rev 05/2010

V.      Relief:

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. _____

I am seeking $5,000,000 from Mr. Brown and $7,000,000 from Mr. Treadwell.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this 2 day of April _____, 20 14.

Signature of Plaintiff          *Kenneth Ey*

Mailing Address          4266 Saull Street

                         Flushing, NY 11355

                         _____

Telephone Number          917-573-9453

Fax Number *(if you have one)* _____

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners must also provide their inmate numbers, present place of confinement, and address.

**For Prisoners:**

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: _____

Inmate Number          _____

*Rev. 05/2010*

Gmail - Please call us                                                      Page 1 of 2



                                                    Kenneth Eng< kennetheng203@gmail.com>

**Please call us**
5 messages

---

**Karen Gallagher** < karen@c2staffingsolutions.com>            Mon, Sep 16, 2013 at 8:34 AM
To: Kenneth Eng <kennetheng203@gmail.com>
Cc: Irene Priwall <irene@c2staffingsolutions.com>

Hi Kenneth: Can you please call us today. We need your updated address and all pertinent information for payroll. Thanks Karen

--
Karen Gallagher
C2 Staffing Solutions
www.c2staffingsolutions.com
ny office: (212) 320-0200
ct office/fax: (203) 889-4990
mobile: (917) 613-3027
email: karen@c2staffingsolutions.com

---

**Kenneth Eng**< kennetheng203@gmail.com>            Mon, Sep 16, 2013 at 10:32 PM
To: Karen Gallagher <karen@c2staffingsolutions.com>

Hi Karen,

I remember you called me earlier today, so I will assume this email is old. If you would like additional information, feel free to call me again.

Kenneth
[Quoted text hidden]

---

**Karen Gallagher** < karen@c2staffingsolutions.com>            Tue, Sep 17, 2013 at 7:35 AM
To: Kenneth Eng <kennetheng203@gmail.com>

yes, it's an old email- How are you feeling? I heard you've been coughing alot....
[Quoted text hidden]

---

**Kenneth Eng** < kennetheng203@gmail.com>            Tue, Sep 17, 2013 at 8:35 PM
To: Karen Gallagher <karen@c2staffingsolutions.com>

Hi Karen,

Thanks for your concern. I feel fine. It's a condition that I'm going to see a doctor about tomorrow.

B3 Legal said that they no longer needed me for now, but that they might need me in the future. I hope to work with them again.

Would you mind letting me know if you received the timesheets? It would be appreciated.

Kenneth
[Quoted text hidden]

---

**Kenneth Eng**< kennetheng203@gmail.com>                    Tue, Sep 24, 2013 at 6:26 PM
To: Karen Gallagher <karen@c2staffingsolutions.com>

Hello Karen,

After some thought, I have decided that I should inform you of a matter that I probably should have
mentioned earlier.

During my assignment at B3 Legal, I encountered discrimination based on my ethnicity. On Friday,
September 13, the supervisor of the office, Craig Brown, made the following comment: "The Japanese
think they are the kings of Asia." The other employees seemed to join in on his attempt at humor.

Five minutes later, Mr. Brown asked me into his office to ask me if I knew any Asian languages. I was the
only Asian employee in the office that I was aware of. He listed Asian languages to me, asking me if I knew
any of them -- Chinese, Korean, Japanese. This leads me to think that he could not distinguish one type of
Asian ethnicity from another. Furthermore, he did not ask me if I spoke any non-Asian languages.

I originally did not want to bring this up because I was unsure of what course of action to take, but after
some thought, I decided that I should inform you. I doubt that a right-minded person would call a Caucasian
person into the office only to list a variety of European languages and ask if he/she can speak any of them.

I was particularly upset because of the recent controversy over news anchor Julie Chen's having had
eyelid surgery to look less Asian due to discrimination in the workplace.

I am not trying to tell you what course of action to take against B3 Legal or Mr. Brown; I'm merely informing
you that as an Asian Man, I was very angry at his remarks. I continued working there until the assignment
was complete partly because I did not want to disappoint C2 Staffing after you went through such trouble to
find me that position.

Currently, I am filing a complaint with the EEOC and other agencies. Racism is protected by the First
Amendment, but to my knowledge, the First Amendment is partially suspended in the workplace
environment according to US law.

I hope this does not damage my relationship with C2 Staffing, but I need to take action.

Kenneth
[Quoted text hidden]



Kenneth Eng< kennetheng203@gmail.com>

## From Kenneth
3 messages

---

**Kenneth Eng**< kennetheng203@gmail.com>                    Thu, Sep 19, 2013 at 1:15 PM
To: irene@c2staffingsolutions.com

Hello Irene,

Thanks again to you and Karen for the assignment at B3. Here is the information you requested:

4266 Sauit Street
Flushing, NY 11355

I look forward to the possibility of working with B3 again, or other potential employers.

Kenneth

---

**Irene Priwall**< irene@c2staffingsolutions.com>              Thu, Sep 19, 2013 at 1:26 PM
To: Kenneth Eng <kennetheng203@gmail.com>
Cc: Karen Gallagher <karen@c2staffingsolutions.com>

Hi Kenneth. I also need yr SS#, Marital Status and number of Withholdings. Tks. Irene.
[Quoted text hidden]
--
Irene
Operations Manager

We welcome referrals..Please have them send resume to: irene@c2staffingsolutions.com

---

**Kenneth Eng** < kennetheng203@gmail.com>                    Thu, Sep 19, 2013 at 2:01 PM
To: Irene Priwall <irene@c2staffingsolutions.com>

Hello Ms. Priwall,

SSN: 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
Marital Status: Single

I do not have enough knowledge of taxes to give reliable information on my withholdings, but I do not have
any dependents. If you would like me to research this further, feel free to tell me.

Kenneth
[Quoted text hidden]

# Exhibit 6

EEOC Form 161 (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Kenneth Eng
P.O. Box 527315
Flushing, NY 11352

From: New York District Office
33 Whitehall Street
5th Floor
New York, NY 10004

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2014-00152 | Holly M. Woodyard, Investigator | (212) 336-3643 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Kevin J. Berry,
District Director

April 23, 2014
(Date Mailed)

Enclosures(s)

cc:
B3 LEGAL
Attn: Director of Human Resources
228 East 45th Street
New York, NY 10017