UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
KENNETH ENG,

                          Plaintiff,                                    140CV-2442 (JPO)

        -against-

B3 LEGAL, CRAIG BROWN, and SHAWN
TREDWELL,

                          Defendants.
-----------------------------------------------------X

---

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS

---

**Of Counsel**
  **Sophia Ree**
  **Jaime L. Greenblatt**

LANDMAN CORSI BALLAINE & FORD P.C.
120 Broadway
NEW YORK, N.Y. 10271-0079
(212) 238-4800

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

CLAIMS AS ALLEGED BY PLAINTIFF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

STANDARD OF REVIEW UNDER FED.R.CIV.PRO. 12(b)(6) . . . . . . . . . . . . . . . . . . . 6

SUMMARY JUDGMENT STANDARD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT

       POINT I       THE COMPLAINT FAILS TO ALLEGE A CAUSE OF ACTION FOR EMPLOYMENT DISCRIMINATION AGAINST B3 LEGAL BECAUSE, AT ALL RELEVANT TIMES, PLAINTIFF WAS EMPLOYED SOLELY BY C2 STAFFING AND WAS NEVER EMPLOYED BY B3 LEGAL . . . . . . . . . . . . . 8

       POINT II      REGARDLESS OF PLAINTIFF'S EMPLOYMENT STATUS, THE COMPLAINT LACKS EVIDENCE OF SEVERE AND PERVASIVE CONDUCT SUFFICIENT TO CREATE A HOSTILE WORKPLACE AND THUS UTTERLY FAILS TO ALLEGE A CAUSE OF ACTION UNDER TITLE VII . . . . . . . . . . . . . . . . . . . . . . 9

       POINT III     THE COMPLAINT FAILS TO STATE A CAUSE OF ACTION FOR DISCRIMINATION OR RETALIATION AGAINST B3 LEGAL WHERE THE SOLE ALLEGATION RELATED TO AN ADVERSE EMPLOYMENT ACTION UNDERTAKEN BY C2 STAFFING, A NON-PARTY . . . . . . . . . . . . . . . . . . . . . . . . . . 12

       POINT IV     IN THE ALTERNATIVE, THIS COURT SHOULD DISMISS THE INDIVIDUAL CLAIMS AS TITLE VII DOES NOT PROVIDE FOR INDIVIDUAL LIABILITY . . . . . . . . . . . . . . . . . . 14

       CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Alfano v. Costello,*
    294 F.3d 365 (2d Cir. 2002)................................................................................10, 12

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009).........................................................................................................7

*Bell Atlantic Corp, v. Twombly,*
    550 U.S. 544 (2007).........................................................................................................7

*Burlington Northern and Santa Fe Ry. Co. v. White,*
    548 U.S. 53 (2006)...........................................................................................................9

*Demoret v. Zegarelli,*
    451 F.3d 140 (2d Cir. 2006)..........................................................................................10

*Eng v. Gregory Carter,* 13-cv-04855
    (E.D.N.Y. 2013)................................................................................................................1

*Eng v. Kelly Reichardt,* 14-cv-01502
    (E.D.N.Y. 2014)................................................................................................................1

*Eng v. Officer Aisha Dixon* 14-cv-01501
    (E.D.N.Y. 2014)................................................................................................................1

*Eng. V. Reichardt,* 14-civ-01502
    (E.D.N.Y. 2014)................................................................................................................1

*Eng v. RFR Realty,*
    14-cv-02485 (S.D.N.Y. 2014).........................................................................................1

*Forrest v. Jewish Guild for the Blind,*
    3 N.Y.3d 295 (2004) ...............................................................................................10, 11

*Harris v. Forklift Systems, Inc.,*
    510 U.S. 17 (1993)...............................................................................................10, 11, 12

*Jones v. Roosevelt Is. Operating Corp.,*
    2013 WL 6504428 (S.D.N.Y. December 11, 2013) ......................................................7

*Krosmico v. JP Morgan Chase & Co.,*
    2006 WL 3050869 (E.D.N.Y. Oct. 19, 2006)................................................................7

*La Grande v. DeCrescente Distributing Co.,*
   370 Fed.Appx. 206 (2d Cir. 2010)..........................................................................10

*Lipiro v. Remee Products,*
   75 F. Supp 2d 174 (S.D.N.Y. 1999).......................................................................14

*Merhige-Murphy v. Vicon Indus., Inc.,*
   2008 WL 111163 (SJF)(ARL) (E.D.N.Y. Jan. 7, 2008)........................................10

*O'Neill v. Atl. Sec. Guards, Inc.,*
   250 A.D.2d 493 (1st Dep't 1998) ..........................................................................8

*Schwapp v. Town of Avon,*
   118 F.3d 106 (2d Cir. 1997)........................................................................10, 11, 12

*Snell v. Suffolk County,*
   782 F.2d 1094 (2d Cir. 1986)...........................................................................10, 12

*Spilkevitz v. Chase Investment Services Corp., 2009 WL 2762451*
   (E.D.N.Y. Aug. 27, 2009)......................................................................................14

*Terry v. Ashcroft,*
   336 F.3d 128 (2d Cir. 2003)..............................................................................12, 13

*Texas Dep't v. Cmty. Affairs v. Burdine,*
   450 U.S. 248 (1981).................................................................................................12

*Tomka v. Seiler Corp.,*
   66 F.3d 1295 (2d Cir. 1995)....................................................................................14

*Van Zant, v. KLM Royal Dutch Airlines,*
   80 F.3d 708 (2d Cir. 1996)................................................................................12, 13

*Vance v. Ball State Univ.,*
   133 S. Ct. 2434 (2013).............................................................................................10

*Walker v. Alternatives to Incarceration of Montgomery County, Inc. (ATI),*
   1996 WL 465310 (N.D.N.Y. Aug. 13, 1996) ........................................................8

**STATUTES AND RULES**

18 U.S.C. § 245(b)(4)(A).................................................................................................1

42 U.S.C. § 2000e(b) ......................................................................................................8

Fed. R. Civ. Pro. 8(a) (2) ...............................................................................................6

## PRELIMINARY STATEMENT

Defendants Balint Brown & Basri LLC, incorrectly sued herein as B3 Legal ("B3 Legal"), Craig Brown, and Shawn Treadwell (collectively, "Defendants"), respectfully submit this memorandum of law in support of their motion to dismiss the complaint, filed by plaintiff Kenneth Eng ("Plaintiff" or "Eng") on April 7, 2014, in its entirety, with prejudice, on the grounds that the Complaint fails to state a cause of action.[1]

Despite the fact that the Complaint concedes that Plaintiff was neither employed by, nor sought employment with, B3 Legal, Plaintiff has filed a Complaint alleging that B3 Legal and two of its employees unlawfully discriminated against him in employment. In sum and substance, the sparse allegations in the Complaint claim only that a B3 Legal employee made an innocuous comment about "Japanese people," and that the same employee later asked Plaintiff a

---

[1] It should be noted that plaintiff has a pattern of filing offensive, frivolous lawsuits, which have repeatedly resulted in the Court's *sua sponte* dismissal. *See e.g. Eng v. RFR Realty*, 14-cv-02485 (S.D.N.Y. 2014); *Eng v. Kelly Reichardt*, 14-cv-01502 (E.D.N.Y. 2014); *Eng v. Officer Aisha Dixon*, 14-cv-01501 (E.D.N.Y. 2014); *Eng v. Gregory Carter*, 13-cv-04855 (E.D.N.Y. 2013). He has filed multiple lawsuits against various parties, including, but not limited to, officers of the United States Probation Department, officers of the New York City Police Department, Bellevue Hospital, and the New York University Tisch School, alleging, among other things, discrimination based on race. *Id.*; *see also Eng v. L'Poni Baldwin*, 14-cv-01644 (E.D.N.Y. 2014). In many of these complaints, although plaintiff claims that he was discriminated against and/or harassed with threats and intimidation because of his race, plaintiff proudly identifies himself as an "Asian Supremacist" and a "devout racist" and regularly uses hate-based, racist language in public interviews, correspondence and court pleadings and submissions, and has engaged in racist conduct resulting in prosecution. *Id.* In fact, in one of his complaints, he annexed exhibits which demonstrated that "while he was at [New York University], plaintiff made inflammatory, racially-motivated comments to other students in his classes, assaulted at least one other student by spitting on him in an editing studio, and was generally perceived by his professors and fellow students as disruptive and a threat to the NYU community.[]" *Eng v. Reichardt*, 14-cv-01502 (E.D.N.Y. 2014) (Memorandum & Order Dkt. No. 4 at 1-2). The Court noted that on August 1, 2008, plaintiff had been sentenced to five years probation upon a plea of guilty to one count charging a civil rights violation under 18 U.S.C. § 245(b)(4)(A), for making a threatening phone call to a student he assaulted at NYU (Judgment No. 08-cr-66, Dkt. No. 38). *Id.* at 2 n1. A review of the litany of plaintiff's self-published and self-reported racist views is, at a minimum, deeply disturbing.

question about several Asian languages. Plaintiff—who was employed by a staffing agency to complete a temporary assignment at B3 Legal's offices—offers no proof that he was employed by B3 Legal. Furthermore, Plaintiff alleges no adverse employment action taken against him, nor does he allege a pattern of severe and pervasive conduct sufficient to create a workplace that was both objectively and subjectively hostile. Rather, on the basis of two isolated comments alone, Plaintiff erroneously—and somewhat inexplicably—claims that B3 Legal unlawfully discriminated against him based on his race.

Even accepting these allegations as true, the Complaint nevertheless fails because: (1) Plaintiff was at all times employed by the staffing agency who placed Plaintiff at B3 Legal's offices; (2) To the extent that the Complaint can be construed to state a hostile work environment claim, such claim fails because Plaintiff has not proffered a single allegation that any of the Defendants' conduct caused his workplace to be permeated with the kind of severe and pervasive discriminatory intimidation contemplated by Title VII; (3) Plaintiff's race discrimination and retaliation claims both fail because he has not alleged an adverse employment action taken by B3 Legal, and points only to the purported acts of a non-party; and (4) in the alternative, the individual claims should be dismissed as Title VII provides no basis for individual liability.

## PROCEDURAL HISTORY

On or about October 10, 2013, Plaintiff filed a verified complaint (the "SDHR Complaint") with the New York State Division of Human Rights (the "SDHR") in Case Number 10164950. The SDHR Complaint contained substantially the same allegations as the instant Complaint. A copy of the SDHR Complaint is attached to the Declaration of Sophia Ree, dated June 20, 2014 (the "Ree Decl."), as **Exhibit 1**. On or about the same date, Plaintiff also filed charge number 16GB400152 (the "Charge"), based on the SDHR Complaint, with the Equal

Employment Opportunity Commission ("EEOC").  A copy of the Charge is attached to the Ree Decl. as **Exhibit 2**.

On or about November 25, 2013, Defendants timely submitted their position statement (the "Position Statement") to the SDHR.  A copy of the Position Statement, with accompanying exhibits, is attached to the Ree Decl. as **Exhibit 3**.  On or about March 25, 2014, without conducting interviews of any of B3 Legal's employees or requesting any further documents from any of the Defendants, the SDHR issued a determination and order (the "Determination and Order") dismissing the case based on the SDHR's finding that "there is NO PROBABLE CAUSE to believe that the respondent has engaged in or is engaging in the unlawful discriminatory practice complained of."  A copy of the Determination and Order is attached to the Ree Decl. as **Exhibit 4**.  In particular, the Determination and Order noted that

> [t]he investigation revealed that even if all of Complainant's allegations were true, he did not suffer any adverse employment action, nor was he subjected to behavior that was severe and/or pervasive enough to rise to the level of the hostile work environment.  Furthermore, Complainant's mere belief and conclusory allegations that he was discriminated against because of his race is insufficient to establish a nexus to the Respondent's actions.

Exhibit 4 to Ree Decl. At no point has Mr. Eng appealed the Determination and Order to the New York State Supreme Court, and his time to do so has expired.

On or about April 7, 2014, Mr. Eng commenced the instant action by filing the Complaint with the *Pro Se* Office of the United States District Court for the Southern District of New York. A copy of the Complaint is attached to the Ree Decl. as **Exhibit 5**.  On or about April 23, 2014, the EEOC issued a Notice of Suit Rights (the "Right to Sue Letter"), indicating that the EEOC was dismissing Mr. Eng's Charge as well, and was adopting the SDHR's findings.  A copy of the

Right to Sue Letter is attached to the Ree Decl. as **Exhibit 6**. Service of the Complaint was effectuated via the United States Marshal's Office on May 30, 2014.

Defendants now timely bring the instant motion to dismiss for failure to state a cause of action.

## CLAIMS AS ALLEGED BY PLAINTIFF[2]

According to the email correspondence attached to the Complaint, in September of 2013, C2 Staffing Solutions ("C2 Staffing"), a staffing agency, sent Plaintiff on a temporary assignment to B3 Legal.[3] *See generally* all emails attached to Exhibit 5 of the Ree Decl.  The Complaint further alleges that on or about September 13, 2013, "Craig Brown made the following remark: 'The Japanese think they are the kings of Asia.'[4]  His employees, especially Sean Treadwell, seemed to delight in this racist remark."  Exhibit 5 to Ree Decl. at ¶ C. According to the Complaint, "[f]ive minutes later, Mr. Brown asked me into his office and asked me if I knew any Asian languages.  He listed Asian languages—Chinese, Japanese, Korean." *Id.* Plaintiff then alleges that this led him "to think that [Mr. Brown] did not know the difference between different Asian ethnicities." *Id.*  According to the Complaint, Plaintiff was "the only Asian employee at that office." *Id.*

---

[2] Defendants recognize that on a pre-answer motion, there are limitations to challenging certain "factual" allegations in the Complaint.  It is for that reason that the predicate for this motion consists of specific relevant allegations in the Complaint that establish the necessary limited facts for resolution of the instant motion to dismiss.  To the extent that any claim against Defendants survives this motion, Defendants will contest all the material allegations and the various legal theories Plaintiffs have asserted.

[3] Further information about B3 Legal is publicly available at http://www.b3legal.com/.

[4] Defendants expressly dispute that Mr. Brown made this comment, though assume for the purposes of this 12(b)(6) motion that it is true.  For an accurate recitation of the facts of this case, Defendants respectfully refer this Court to the Position Statement attached to the Ree Decl. as Exhibit 3.

Although the Complaint does not name C2 Staffing as a party, the Complaint contains the following incomprehensible allegation: "In addition, C2 Staffing was about to put me on their payroll, but sent me a check instead after I complained. This qualifies as retaliation. Please see attached documents." *Id.*

According to the emails attached to the Complaint, a C2 Staffing employee emailed Mr. Eng on September 16, 2014 to obtain his "updated address and all pertinent information for payroll." *See* Email from Karen Gallagher to Kenneth Eng, dated September 16, 2013, 8:34 AM, attached to Exhibit 5 of the Ree Decl. Based on additional emails, it appears that C2 Staffing obtained some of this information from Mr. Eng over the phone. *See* Email from Kenneth Eng to Karen Gallagher, dated September 16, 2013, 10:32 PM, and Email from Karen Gallagher to Kenneth Eng, dated September 17, 2013, 7:35 AM, attached to Exhibit 5 of the Ree Decl.

Mr. Eng then sent a follow up email to C2 Staffing, which expressly stated that "B3 Legal said they no longer needed me now, but that they might need me in the future. *I hope to work with them again.*" *See* Email from Kenneth Eng to Karen Gallagher, dated September 17, 2013, 8:35 PM, attached to Exhibit 5 of the Ree Decl. (emphasis added). Furthermore, according to the documents attached to the Complaint, Plaintiff sent another email to C2 Staffing which stated: "Thanks again to you and Karen for the assignment at B3. . . . *I look forward to the possibility of working with B3 again . . .*" and which went on to disclose further information for payroll. *See* Email from Kenneth Eng to Karen Gallagher, dated September 19, 2013, 1:15 PM, attached to Exhibit 5 of the Ree Decl. (emphasis added).

According to the emails attached to the Complaint, C2 Staffing requested more information related to payroll on September 19, 2013; Mr. Eng responded with the information he possessed, but indicated that "I do not have enough knowledge of taxes to give reliable

- 5 -

information on my withholdings, but I do not have any dependents." *See* Email from Irene Priwall to Kenneth Eng, dated September 19, 2013, 1:26 PM and Email from Kenneth Eng to Irene Priwall, dated September 19, 2013, 2:01 PM, attached to Exhibit 5 of the Ree Decl.[5]

According to the emails attached to the Complaint, about five days later, it appears that Mr. Eng sent C2 Staffing an email indicating that he was "filing a complaint with the EEOC and other agencies" on the basis of the alleged comments by Mr. Brown, because "[r]acism is protected by the First Amendment, but to my knowledge, the First Amendment is partially suspended in the workplace environment according to US law." *See* Email from Kenneth Eng to Karen Gallagher, dated September 24, 2013, 6:26 PM, attached to Exhibit 5 of the Ree Decl. Plaintiff's email also contained the bizarre statement that "I was particularly upset [about Mr. Brown's alleged comments] because of the recent controversy over news anchor Julie Chen's having had eyelid surgery to look less Asian due to discrimination in the workplace." *Id.*

As more fully discussed below, because Plaintiff does not allege that he was employed by B3 Legal, because the Complaint fails to allege the kind of severe and pervasive conduct necessary to state a hostile workplace claim, and because Plaintiff's discrimination and retaliation claims only allege a potential adverse employment action undertaken by a non-party, this Court should dismiss the Complaint in its entirety.

### STANDARD OF REVIEW UNDER FED. R. CIV. PRO. 12(b)(6)

A court should dismiss a complaint where it "fails to state a claim upon which relief can be granted." FED. R. CIV. PRO. 12(b)(6). Rule 8(a)(2) of the Federal Rules of Civil Procedure

---

[5] Although B3 Legal takes no position on whether C2 Staffing in any way retaliated against Plaintiff (while asserting that claims against C2 Staffing for retaliation cannot be imputed to B3 Legal where C2 Staffing is not a party), we note that the emails attached to the Complaint contain no indication that C2 Staffing's alleged sending of a check was in any way an alternative to "put[ting] [Plaintiff] on [its] payroll." Exhibit 5 to Ree Decl. at ¶ C.

"requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only fair notice of the nature of the claim, but also grounds on which the claim rests." *Bell Atlantic Corp, v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted); *see* FED. R. C IV. P RO. 8(a)(2). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" cannot withstand a motion to dismiss; rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," (*Ashcroft v. Iqbal*, 556 U.S. 662, 677-81 (2009)), and "[b]are" or "conclusory" allegations "are not entitled to be assumed true." *Id.* at 681.

In evaluating the sufficiency of a claim in the context of a motion to dismiss pursuant to Rule 12(b)(6), a court should first identify the allegations that are not entitled to a presumption of truth, disregard them, and then consider whether any remaining factual allegations "plausibly suggest an entitlement to relief." *Id.* at 678. While "a complaint need not include detailed factual allegations, it must provide more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Jones v. Roosevelt Is. Operating Corp.*, 2013 WL 6504428, *1 (S.D.N.Y. December 11, 2013) (JSR) (internal quotation marks and citation omitted). Thus, "[a] motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) should be granted where 'it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief.'" *Krosmico v. JP Morgan Chase & Co.*, 2006 WL 3050869 (SJF) (E.D.N.Y. Oct. 19, 2006) (quoting *Cooper v. Parksy*, 140 F.3d 433, 440 (2d Cir. 1998)).

## ARGUMENT

The Complaint contains only sparse allegations regarding one comment and one incident in which Mr. Brown purportedly asked Plaintiff for information concerning proficiency in Asian languages. *See generally* Exhibit 1. Even accepting the Complaint's allegations as true, the Complaint seems to imply, at worst, that Plaintiff was offended by Mr. Brown's purported lack of knowledge of the differences between various Asian cultures. For the reasons discussed below, the Complaint fails to state a cause of action.

### POINT I

### THE COMPLAINT FAILS TO ALLEGE A CAUSE OF ACTION FOR EMPLOYMENT DISCRIMINATION AGAINST B3 LEGAL BECAUSE, AT ALL RELEVANT TIMES, PLAINTIFF WAS EMPLOYED SOLELY BY C2 STAFFING AND WAS NEVER EMPLOYED BY B3 LEGAL

It is axiomatic that a claim of discrimination does not lie against an entity who was not a plaintiff's employer (or potential employer, in the context of a failure to hire claim), and that temporary workers are often no more than independent contractors and are thus not entitled to invoke the remedies provided by the applicable employment discrimination statutes. *See, e.g., O'Neill v. Atl. Sec. Guards, Inc.*, 250 A.D.2d 493 (1st Dep't 1998) (dismissing claims of employment discrimination where "dispositive documentary evidence showed [plaintiff] to have been an independent contractor"); *Walker v. Alternatives to Incarceration of Montgomery County, Inc. (ATI)*, 1996 WL 465310 (N.D.N.Y. Aug. 13, 1996) (dismissing claims of employment discrimination against entity that paid worker's wages in part because defendant did not have power to hire worker).[6]

---

[6] Because Title VII is only applicable to a company with "fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year," (42 U.S.C. § 2000e(b)), and because B3 Legal employs fewer than fifteen permanent

In the instant case, the Complaint does not allege that Plaintiff was B3 Legal's employee at any time. The Complaint further fails to allege that B3 Legal hired Mr. Eng, or had any control in the selection process of the temporary worker. *See generally* Exhibit 5 to Ree Decl. The Complaint further fails to allege that B3 Legal had an employment agreement—written or oral—with Mr. Eng, that B3 Legal paid Plaintiff's wages, or that B3 Legal remitted a W2 to Mr. Eng. *See generally id.* In fact, the Complaint expressly concedes that C2 staffing paid Plaintiff directly, (*see id.* at ¶ C), and that C2 was responsible for remitting Plaintiff's W2, (*see generally* emails attached to Exhibit 5 to Ree Decl.). As such, because C2 Staffing was at all times Mr. Eng's employer, the Division should dismiss the Complaint.

## POINT II

### REGARDLESS OF PLAINTIFF'S EMPLOYMENT STATUS, THE COMPLAINT LACKS EVIDENCE OF SEVERE AND PERVASIVE CONDUCT SUFFICIENT TO CREATE A HOSTILE WORKPLACE[7] AND THUS UTTERLY FAILS TO ALLEGE A CAUSE OF ACTION <u>UNDER TITLE VII</u>

"Title VII [] does not set forth 'a general civility code for the American workplace.'" *Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (quoting *Oncale v. Sundowner Offshore Svcs., Inc.*, 523 U.S. 75, 80 (1998)). Accordingly, to state a hostile workplace claim on the basis of purported racial discrimination under Title VII, "a plaintiff must demonstrate: (1) that [his] workplace was permeated with discriminatory intimidation that was sufficiently severe or pervasive to alter the conditions of [his] work environment, and (2) that a

---

employees (excluding contract attorneys), B3 Legal does not meet Title VII's definition of an based on the statutory text as well.

[7] As the Complaint does not allege that any of the Defendants took any adverse employment against him, and alleges only that employees of B3 Legal made two isolated comments, we treat Plaintiff's "employment discrimination" claim as a hostile workplace claim first, and address the insufficiency of the employment discrimination and retaliation claims.

specific basis exists for imputing the conduct that created the hostile environment to the employer." *Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir. 1997); *see also Vance v. Ball State Univ.*, 133 S. Ct. 2434, 2441(2013); *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21-22 (1993). The complained-of conduct must both create an environment that "a reasonable person would find hostile or abusive" and that "the plaintiff subjectively perceives as hostile or abusive." *La Grande v. DeCrescente Distributing Co.*, 370 Fed.Appx. 206, 209 (2d Cir. 2010); *Harris*, 510 U.S. at 21-22. "Whether an environment is hostile or abusive can be determined only by looking at all the circumstances, including 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Forrest v. Jewish Guild for the Blind*, 3 N.Y.3d 295, 310-11 (2004) (quoting *Harris*, 510 U.S. at 23).

Accordingly, "[m]ere utterance of an epithet which engenders offensive feelings in an employee[] does not sufficiently affect the conditions of employment to implicate Title VII." *Harris*, 510 U.S. at 21 (internal quotation marks omitted) (citing *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57 (1986)); *Snell v. Suffolk County*, 782 F.2d 1094, 1103 (2d Cir. 1986); *Forrest*, 3 N.Y.3d at 310 (affirming dismissal of hostile workplace claim premised on employer's alleged use of racial epithets such as "uppity nigger" and "Black American Princess" on a mere three occasions). "[A]s a general rule, incidents must be more than episodic, they must be sufficiently continuous and concerted in order to be deemed pervasive." *Alfano v. Costello*, 294 F.3d 365, 374 (2d Cir. 2002); *see also Demoret v. Zegarelli*, 451 F.3d 140, 149 (2d Cir. 2006); *Merhige-Murphy v. Vicon Indus., Inc.*, 2008 WL 111163 (SJF)(ARL) (E.D.N.Y. Jan. 7, 2008) (granting motion to dismiss hostile workplace claims on the basis of "two isolated comments by [a colleague], for which he was reprimanded [by defendant]").

- 10 -

In the instant matter, Plaintiff has utterly failed to allege conduct that was "sufficiently severe or pervasive to alter the conditions of [his] work environment." *Schwapp*, 118 F.3d at 110. First, assuming *arguendo* for purposes of this motion only that the allegations in the Complaint are true, and that Plaintiff was subjectively offended,[8] neither of the alleged remarks was objectively offensive. *See Harris*, 510 U.S. at 23, *Forrest*, 3 N.Y.3d at 310-11. The purported comments were not only infrequent as they only occurred on a mere two occasions, but they were also not "sever[e]" or "physically threatening or humiliating." *Forrest*, 3 N.Y.3d at 310-11 (three offensive utterances did not rise to level of severe and pervasive conduct).

Moreover, the Complaint contains no allegations indicating that the comments, in *any* way, "interfere[d] with" Mr. Eng's "work performance," (*id.*), as is evidenced by two emails attached to the Complaint, in which Mr. Eng: (1) emailed C2 Staffing to state that "B3 Legal said they no longer needed me for now, but that they might need m in the future. I hope to work with them again;" and (2) emailed C2 Staffing to express his gratitude for the assignment at B3 Legal, and to state, that he "look[ed] forward to the possibility of working with B3 again." *See* Email From Kenneth Eng to Irene Priwall, dated September 19, 2013, 1:15 PM, attached to Exhibit 5 of the Ree Decl. Thus, even according Plaintiff's allegations the benefit of all possible favorable inferences, the Complaint fails to state a hostile workplace claim, as no reasonable person would have perceived Plaintiff's workplace as "permeated with discriminatory intimidation that was

---

[8] In fact, Plaintiff's Complaint cannot be read to plausibly contain an allegation that he was subjectively offended, because based on the documentary evidence attached to the Complaint, Plaintiff emailed C2 Staffing shortly after his assignment at B3 Legal ended, stating that "B3 Legal said that they no longer needed me for now, but that they might need me in the future. *I hope to work with them again.*" *See* Email From Kenneth Eng to Karen Gallagher, dated September 17, 2013, 8:35 PM, attached to Exhibit 5 of the Ree Decl. Nevertheless, his Complaint fails to state a hostile work environment claim for the reasons discussed above.

sufficiently severe or pervasive to alter the conditions of [his] work environment." *Schwapp*, 118 F.3d at 110.

In fact, even if there was *any* animus underlying the two remarks—which Defendants expressly deny—the Complaint still alleges nothing more than "a few isolated incidents of racial enmity" at best. *Snell v. Suffolk County*, 782 F.2d 1094, 1103 (2d Cir. 1986). Standing alone, such allegations do not "sufficiently affect the conditions of employment to implicate Title VII." *Harris*, 510 U.S. at 21. Accordingly, because the comments were, at best, "episodic," the Complaint should be dismissed for failure to allege the kind of severe and pervasive conduct contemplated by the applicable statutes. *Alfano*, 294 F.3d at 374.

## POINT III

### THE COMPLAINT FAILS TO STATE A CAUSE OF ACTION FOR DISCRIMINATION OR RETALIATION AGAINST B3 LEGAL WHERE THE SOLE ALLEGATION RELATED TO AN ADVERSE EMPLOYMENT ACTION UNDERTAKEN BY C2 STAFFING, A NON-PARTY

To establish a *prima facie* case of Title VII discrimination, a plaintiff must allege that: "(1) he belonged to a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent." *Terry v. Ashcroft*, 336 F.3d 128, 138 (2d Cir. 2003); *see Texas Dep't v. Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981). In order to state a claim for retaliation under Title VII, "a plaintiff must plead facts that would tend to show that (1) he [or she] participated in a protected activity known to the defendant; (2) the defendant took an adverse employment action against the employee; and (3) there exists a causal connection between the protected activity and the adverse action." *Van Zant, v. KLM Royal Dutch Airlines*, 80 F.3d 708, 714 (2d Cir. 1996).

Plaintiff's Complaint fails to state a cause of action sounding in discrimination because it fails to establish the third and fourth prongs of a *prima facie* discrimination case. For purposes of this motion only we assume *arguendo* that Plaintiff belonged to a protected class and that he was qualified for the position. As the SDHR determined based on its investigation, however, Plaintiff is nonetheless wholly unable to establish that he suffered an adverse employment action. *See* Exhibit 4 to Ree Decl. The only purported adverse action alleged in the Complaint is that "*C2 Staffing* was about to put me on their payroll, but sent me a check instead after I complained." Exhibit 5 to Ree Decl. at ¶ C (emphasis added). Because this alleged act was undertaken by C2 Staffing, and not by any of the Defendants, Plaintiff is unable to establish either that he suffered an adverse employment action perpetrated by the Defendants, or that such action occurred under circumstances giving rise to an inference of discrimination. *See Terry*, 336 F.3d at 138.

Likewise, Plaintiff's retaliation claim also fails because, even in the light most favorable to Plaintiff, his allegations are insufficient to make out either of the first two prongs of a retaliation claim. We assume *arguendo* for purposes of this motion only that Plaintiff's statement that he was filing a complaint with state administrative agencies constitutes protected activity. Plaintiff is nevertheless unable to show that this alleged protected activity was "known to the *defendant[s]*"—*i.e.,* B3 Legal, Craig Brown, and Sean Treadwell—where the documentation annexed to the Complaint indicates only that Mr. Eng informed *C2 Staffing* that he was filing administrative complaints. *See* Email from Kenneth Eng to Karen Gallagher, dated September 24, 2013, 6:26 PM, attached to Exhibit 5 of the Ree Decl; *Van Zant*, 80 F.3d at 714 (emphasis added). Furthermore, Plaintiff is equally unable to make out the second prong of his *prima facie* case, because he has not alleged that "the *defendant[s]* took an adverse employment action against the employee." *Van Zant*, 80 F.3d at 714 (emphasis added). Rather, Plaintiff alleges only

- 13 -

that "*C2 Staffing* was about to put me on their payroll, but sent me a check instead after I complained." Exhibit 5 to Ree Decl. at ¶ C (emphasis added). Because the Complaint does not contain a single allegation that any of the Defendants were responsible for the alleged retaliation, and points only to the alleged conduct of a non-party, Plaintiff's retaliation claim fails.

## POINT IV

### IN THE ALTERNATIVE, THIS COURT SHOULD DISMISS THE INDIVIDUAL CLAIMS AS TITLE VII DOES NOT PROVIDE FOR INDIVIDUAL LIABILITY

It is well-settled in this jurisdiction that Title VII does not provide for individual liability, even with respect to defendants with supervisory control over a plaintiff. *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995) ("We now hold that individual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII"); *Spilkevitz v. Chase Investment Services Corp.*, 2009 WL 2762451, *6 (E.D.N.Y. Aug. 27, 2009) (SJF) ("[I]ndividual defendants may not be sued in their individual or personal capacity under Title VII"; *Lipiro v. Remee Products*, 75 F. Supp 2d 174, 177 (S.D.N.Y. 1999)). Accordingly, there is no basis upon which Plaintiff may maintain his claims against Mr. Brown and Mr. Treadwell and this Court should thus dismiss the individual claims.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss the Amended Complaint, in its entirety, with prejudice.

Dated: New York, New York
      June 20, 2014

Yours,

**LANDMAN CORSI BALLAINE & FORD P.C.**

By: _____
Sophia Ree
Jaime L. Greenblatt
Attorneys for Defendants
120 Broadway, 27th Floor
New York, NY 10271-0079
(212) 238-4800
sree@lcbf.com
jgreenblatt@lcbf.com

- 15 -